UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK STAMBAUGH,

    Plaintiff,

    v.                                    CAUSE NO. 3:21-CV-660-RLM-MGG

TAMMY CAMPBELL, et al.,

    Defendants

## OPINION AND ORDER

Frank Stambaugh, an inmate proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Stambaugh is a pretrial detainee at the Miami County Jail. His allegations are hard to follow, but it appears that on August 5, 2021, he was taken to Dukes

Memorial Hospital in Peru, Indiana, after he fell and hurt himself at the jail.[1] He claims that hospital employee Dr. Kim Jin told him that he had no broken bones and provided only a "minor check up." He claims that his "lower lumbar was sprang" and his elbow was swollen and bruised, but Dr. Jin didn't adequately treat these conditions. He further claims that jail nurse Tammy Campbell didn't do "any check ups on the fall" even though he put in multiple health care requests after his return from the hospital. He claims Dr. Jin had ordered that he be given Ibuprofen and ice packs, but Nurse Campbell never gave him these items. Instead, she gave him Tylenol, which he claims he can't take because of a liver condition. Based on these events, he sues Dr. Jin and Nurse Campbell for monetary damages.

Mr. Stambaugh's claim against Dr. Jin can't proceed. It's clear from the amended complaint that this doctor is employed at a private hospital, not at the jail. Mr. Stambaugh cannot sue a private individual under 42 U.S.C. § 1983, because § 1983 only applies to government actors. L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color

---

[1] Mr. Stambaugh filed a separate lawsuit over the events leading to his fall at the jail and the manner in which jail staff transported him to the hospital. See Stambaugh v. Hunter, 3:21-CV-631-DRL-MGG (N.D. Ind. filed Aug. 24, 2021). He cannot use the in forma pauperis statute to file lawsuits with claims that duplicate each other. See Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is "intended to harass" or otherwise abusive of the judicial process); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (federal suit may be dismissed when it duplicates claims in another pending lawsuit). The court will presume that he didn't intend to reassert these claims in this lawsuit and merely included some of the same information for background.

of state law."). There is also no basis in the amended complaint to plausibly suggest that diversity jurisdiction exists, and instead it appears that both Mr. Stambaugh and Dr. Jin are citizens of Indiana.[2] *See* 28 U.S.C. § 1332(a)(1).

The complaint alleges clearly that Nurse Campbell is an employee of the jail and so can be sued for a constitutional violation under 42 U.S.C. § 1983. Pretrial detainees are entitled to adequate medical care under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 353-54 (7th Cir. 2018). To state a claim, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.*

Mr. Stambaugh's allegations are rather sparse, but giving him the inferences to which he is entitled, he states a plausible Fourteenth Amendment claim against Nurse Campbell. The complaint can be read to allege that he continued to have back and elbow pain after his return from the hospital and asked for medical care, but Nurse Campbell did not provide him any care other than to give him Tylenol, which he claims he can't take because of a liver condition. He will be permitted to proceed past the pleading stage against Nurse Campbell.

For these reasons, the court:

---

[2] There is also no indication from the amended complaint that Mr. Stambaugh presented a proposed complaint to the state medical review panel and obtained an opinion from the panel before filing this action, as is required to pursue a medical malpractice claim under Indiana law. *See* IND. CODE § 34-18-8-4; *Terry v. Community Health Network*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014).

(1) GRANTS the plaintiff leave to proceed against Nurse Tammy Campbell in her personal capacity for money damages for failing to provide him proper medical care following a fall at the jail and his treatment at a private hospital on August 5, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Kim Jin as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Tammy Campbell at Quality Correctional Care, LLC, and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Quality Correctional Care, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Nurse Tammy Campbell to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2021

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT